**Carl V. GUNTER et al., Appellants,**

**v.**

**Walter HASTY et al., Appellees.**

**No. 4654.**

Court of Civil Appeals of Texas.

Waco.

Nov. 30, 1967.

Rehearing Denied Dec. 21, 1967.

Huffaker & Green, Tahoka, for appellants.

Richey, Sheehy, Teeling & Cureton, Waco, for appellees.

OPINION

TIREY, Justice.

Carl V. Gunter and wife, plaintiffs below, have perfected their appeal from a summary judgment against them in favor of Walter Hasty, defendant.

Appellants' point 1 is that the court erred in granting the motion for summary judgment on the ground that plaintiffs' suit was barred by the 2-year statute of limitation as a matter of law. We overrule this point and affirm the judgment of the trial court.

We believe the controlling facts here are without dispute. Plaintiffs filed their original petition on the 5th day of February 1965 against Walter Hasty and Louise Hasty, in which they alleged that defendants resided in Gatesville, Coryell County, Texas. In this pleading they alleged that on or about the 5th day of December 1963 they were traveling in their Ford automobile on Highway 84 within the city limits of McGregor, Texas, and were going in a northeasterly direction; that while so doing a car in front of them stopped, making it necessary for the plaintiffs to come to a complete stop; that while they were so stopped Walter Hasty, who was driving a 1963 Chevrolet (owned by the defendant

Louise Hasty) behind plaintiffs' car and going approximately in the same direction, came upon it at a fast rate of speed behind them and struck the plaintiffs' car in the rear and knocked it about 55 feet, causing the injuries and damages, and set them out. They alleged negligence against defendants in four particulars and alleged that each was a proximate cause of the collision and resulting injuries to them.

The original petition alleged in three different places that they were suing Walter Hasty who was driving the car at the time of the collision. Mr. and Mrs. Hasty were both served with citation in Coryell County on the 6th day of February 1965, and they filed their original answer on the 17th day of February 1965. In this original answer they plead a general denial and further plead that neither of them was guilty of any act of negligence at the time of the accident, but alleged that plaintiffs' driver was guilty at the time and on the occasion in question in that he suddenly and without warning stopped his automobile in the middle of the highway without giving any warning or signaling of his intention to do so, and that such negligence was the cause of the accident. They further plead that just prior to the accident a car which was traveling in front of plaintiffs' automobile suddenly, and without warning or signaling of his intention to do so, made a left turn on the highway, causing plaintiffs' driver to stop his vehicle without any warning and that the act of such third person in turning his car to the left constituted negligence and proximate cause and is a new and intervening cause of the accident.

Thereafter, on the 14th day of May 1965 the deposition of Walter Hasty (the appellee here) was taken in Dallas County, and in this deposition Walter Hasty testified to the effect that he resided at 4610 Newmoore Street, Dallas, Texas, and that the name of his father was W. L. Hasty. In this deposition appellants' attorney proved by the witness that at the time of the accident he was living in Dallas County, Texas, and that he had not lived in Coryell County for approximately 3 years; that the witness was the driver of the car at the time of the accident and his father, W. L. Hasty, was sitting on the front seat with him; that at that time he had a driver's license and at counsel's request he produced the driver's license which he said he had at the time and gave the number and showed it was issued to Walter Ray Hasty, 4610 Newmoore Street, Dallas, Texas, and the license bore the signature of Walter Ray Hasty and he testified it was the same driver's license he had at the time of the accident. The above deposition was taken on May 14, 1965, which was one year, 5 months and 9 days after the accident. Thereafter appellants filed their first amended petition on February 10, 1966 in which pleading they alleged that Walter Hasty was a resident of Dallas County, Texas, and that process had already been had upon him. This pleading was filed 2 years, 2 months and 5 days after the date of the accident. So, at the time plaintiffs filed their amended petition 2 years, 2 months and 5 days had elapsed since the date of the accident. It is true that plaintiffs, in the taking of the deposition, did not elicit from Walter Hasty, the defendant here, as to whether or not he had been served with citation in this cause, but so far as we can see, Walter Hasty, in his deposition, said nothing that would mislead appellants nor lead them to infer that he had been served; but, on the contrary, he testified that his father, W. L. Hasty, lived in Coryell County, Texas, and that he, the witness, was not living in Coryell County at the time the deposition was taken, and that he had not lived there for some three years. So, appellants' attorney had the information as to the exact status of the residence of the driver of the car at the time of the accident, and that the driver of the car was not at that time a resident of Coryell County, Texas. It is true that plaintiffs, after the filing of their first amended petition on February 10, 1966, made an attempt to obtain a setting of this cause, but they made no effort to have Walter Hasty served with citation until the attorneys for appellees advised the attor-

neys for plaintiffs that their cause of action against Walter Hasty, the driver of the car, was barred by limitation because he had not been served with citation. Thereafter, appellants, on June 2, 1966, filed their first supplemental petition in which they asked that citation issue to Walter Hasty, a resident of Dallas County, and requested that such citation have attached to it a copy of their original petition, as well as their first amended petition. After service of citation on Walter Hasty of Dallas County, he filed his original answer in which he specifically plead the 2-year statute of limitation in bar of plaintiffs' cause of action against him.

Under the foregoing undisputed factual circumstances, does the evidence before the court show, as a matter of law, that plaintiffs failed to commence and prosecute their claim against Walter Hasty of Dallas County within the two years after its accrual? We think the answer is "Yes." It is true that the record shows that when appellants filed their original petition that they intended to prosecute this suit with effect. They caused citation to be duly issued and served on W. L. Hasty, and Mrs. Hasty in Coryell County, and they alleged that the driver of the car was a resident of Coryell County. It is obvious that this was a mistake and appellants' attorneys found out on May 5, 1965, that the defendant did not live in Coryell County and was not a resident of Coryell County, and had not been for some three years at the time of the accident, and that his residence was Dallas County, Texas. Notwithstanding they had this information 1 year, 5 months and 9 days after the accident, they made no attempt to have him served with citation until they filed their first supplemental petition on June 6, 1966, which was 2 years, 2 months and 5 days after the accident. We believe under the foregoing undisputed circumstances that plaintiffs' alleged cause of action against Walter Hasty of Dallas County, Texas, is barred by limitation as a matter of law. Much has been written on the application of Article 5526, Vernon's Ann.Tex.St., which is designated as the 2-year statute of limitation, but we have found no factual situation that is quite analogous to the one here before us.

The judgment of the trial court is affirmed.